UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SARAH A. NICKLES, | ) | CASE NO.  5:07cv1542 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OF OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on Defendant Michael Astrue's ("Commissioner")
Objections to the Magistrate Judge's Report and Recommendation.  This action was referred to
the Magistrate Judge for a Report and Recommendation ("Report") on the decision of the
Administrative Law Judge (ALJ) to deny Plaintiff's application for Social Security Disability
Benefits.  The Magistrate Judge recommended that the Commissioner's final decision be vacated
and remanded because the ALJ had failed to explain adequately his reasons for objecting the
opinion of Plaintiff's treating physician.  This court, after having conducted a de novo review of
the record, ADOPTS the reasoning of the Magistrate Judge, and now VACATES and
REMANDS the Commissioner's decision for further proceedings consistent with the Court's
ruling.

The district court may properly refer a matter to a Magistrate Judge for a report and
recommendation.  28 U.S.C. § 636(b).  When the Magistrate Judge submits a report and
recommendation, this court is required to conduct a de novo review of those portions of the
report and recommendation to which an objection has been made.  *Id.*  The primary issue then
becomes whether substantial evidence supported the ALJ's decision.  This court's review of the
ALJ's decision is limited to determining whether substantial evidence, viewing the record as a

1

whole, supports the ALJ's findings.  *Hephner v. Matthews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance.

*Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (quoting

*Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  If substantial evidence supports

the ALJ's decision, a reviewing court must affirm the decision even if it would decide the matter

differently.  *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).  Moreover, the decision

must be affirmed even if substantial evidence would also support the opposite conclusion.

*Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  However, in determining whether

substantial evidence supports the ALJ's findings, the court must examine the record as a whole

and take into account what fairly detracts from its weight.  *Wyatt v. Sec'y of Health and Human

Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  The court must also consider whether the ALJ

employed the proper legal standards.  *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d

236, 243 (6th Cir. 1992).

    In order for an ALJ to find that a plaintiff suffers from a disability for which he should

receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to

the existence of a "medically determinable physical or mental impairment which can be expected

to result in death or which has lasted or can be expected to last for a continuous period of not less

than 12 months."  42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir.

2007).  This inability to engage in substantial gainful activity encompasses both Plaintiff's past

employment and any other work existing in significant quantity in the economy.  42 U.S.C. §

423(d)(2)(A).

In making this determination, the Commissioner, while not bound by the opinions of a treating physician, must set forth good reasons for rejecting them.  *Nelson v. Comm'r of Soc. Sec.*, 195 Fed. Appx. 462, 469-70 (6th Cir. 2006), *citing Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004).  Should an ALJ choose to reject the opinion of a treating source, he must attack the supportability of that source's opinion given the medical record or the consistency of the opinion in the context of the record as a whole.  *Hall v. Comm'r of Soc. Sec.*, 148 Fed. Appx. 456 (6th Cir. 2005).

Having considered Defendant's objections to the Magistrate Judge's Report and conducted a de novo review of the record, this Court concludes that the Magistrate properly found that ALJ provided an insufficient explanation for his decision to reject Plaintiff's treating physician's opinion.  Moreover, on all other issues raised by Plaintiff in her appeal from the Commissioner's decision, the Court hereby ADOPTS the Magistrate Judge's Report in its entirety as its own.  The decision of the Commissioner is hereby VACATED and REMANDED for further proceedings consistent with this Court's opinion, as set forth in the Magistrate Judge's Report and Recommendation.  No further articulation of the Court's reasoning is necessary. *Tuggle v. Seabold*, 806 F.2d 87, 92-93 (6th Cir. 1986).

IT IS SO ORDERED.

DATED:  May 13, 2008                     */s/ John R. Adams*_____
                                         Judge John R. Adams
                                         UNITED STATES DISTRICT COURT